Cara Leslie ALEXANDER,
et al., Plaintiffs,

v.

FEDERAL BUREAU OF
INVESTIGATION, et
al., Defendants.

Nos. Civ. 96–2123 RCL, Civ. 97–1288 RCL.

United States District Court,
District of Columbia.

June 15, 1998.

Larry Elliot Klayman, Judicial Watch, Inc., Washington, DC, for plaintiff.

James Jordan Gilligan, Elizabeth Jane Shapiro, Julia Fayngold, U.S. Department of Justice, Washington, DC, for defendant FBI and Executive Office of the President.

David Evan Kendall, Nicole Kay Seligman, Paul Benedict Gaffney, Williams & Connolly, Washington, DC, for defendant Hillary Rodham Clinton.

James Franklin Fitzpatrick, Michael R. Geske, Arnold & Porter, Washington, DC, Peter Z. Zimroth, Arnold & Porter, New York City, for defendant Bernard W. Nussbaum.

Randall James Turk, David S. Cohen, Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, DC, for defendant Craig Livingstone.

Robert Weinberg, Bredhoff & Kaiser, P.L.L.C., Washington, D.C., Robert Muze, Stein, Mitchell & Mezines, Washington, DC, for defendant Anthony Marceca.

Anne Weisman, Benjamin M. Lawsky, U.S. Department of Justice, Washington, DC, for non-party Kenneth Bacon.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on plaintiffs' Emergency Motion for Clarification Regarding May 15, 1998 Deposition of Kenneth H. Bacon. Upon consideration of the submissions of the parties and the relevant law, plaintiffs' motion is denied.

I. *Background*

As stated in several opinions by this court, the underlying allegations in this case arise from what has become popularly known as "Filegate." According to their complaint, plaintiffs allege that their privacy interests were violated when the Federal Bureau of Investigation ("FBI") improperly handed over to the White House hundreds of FBI files of former political appointees and government employees under the Reagan and Bush Administrations. Originally, defendants named in this action included the FBI, the Executive Office of the President ("EOP"), Hillary Rodham Clinton, Anthony Marceca, Bernard Nussbaum, and Craig Livingstone. On February 18, 1997, the FBI and the EOP filed a notice informing the court that pursuant to the Federal Employees Liability Reform and Tort Compensation Act, the United States would be substituted for the individual defendants Bernard Nussbaum, Craig Livingstone, and Anthony Marceca with respect to plaintiffs' alleged invasion of privacy claim set forth in count III of plaintiffs' complaint.

On May 6, 1998, plaintiffs served a subpoena on Kenneth Bacon, Assistant Secretary of Defense for Public Affairs, and noticed his deposition for May 15, 1998. Plaintiffs sought to depose Bacon after learning of his involvement in the release of certain information from the government personnel file of Linda Tripp. After noticing Bacon's deposition, plaintiffs served upon the Department of Defense ("DOD") a request, pursuant to DOD regulations, for Bacon's testimony on May 11, 1998 and supplemented this request on May 12, 1998.[1] In response to plaintiffs'

1. In their supplemental request for information, plaintiffs stated that their deposition questions would cover the following areas:
   1. Communications between Bacon and reporters, including Jane Mayer, concerning possible motivations for releasing information from Tripp's file.
   2. The extent of Bacon's knowledge of the Privacy Act.
   3. How Bacon, Clifford Bernath, and others involved in the Tripp matter became employed at the DOD in order to discover whether the circumstances of their hiring suggest a motive for their conduct regarding Tripp and Bacon's knowledge of these matters.
   4. The White House's acquisition and use of FBI files, the subject of the instant lawsuit,

request, on May 14, 1998, DOD notified plaintiffs by letter that Bacon was authorized "to testify concerning the recent disclosure of information contained in the federal security-clearance form of Linda Tripp." Response of Bacon to Pls.' Emergency Mot. for Clarification Ex. 3. Specifically, the letter from DOD stated:

In particular, Mr. Bacon may testify concerning the circumstances of the disclosure from Ms. Tripp's file and any involvement or lack of involvement of White House personnel or other government personnel therein. This would include the process by which the information was disclosed; who was involved in the decision; and, generally speaking, any non-privileged communications Mr. Bacon may have had with others concerning the disclosure. DOD will also authorize Mr. Bacon to testify concerning the matters that are directly relevant to your lawsuit, such as his knowledge, if any, of the White House's acquisition and use of FBI files, or his communications, if any, with or concerning Anthony Marceca or Craig Livingstone about the FBI files at issue in your suit.

The Department of Defense will not authorize, however, testimony concerning other matters that are not relevant to your lawsuit and not reasonably calculated to lead to the discovery of admissible evidence, such as how Mr. Bacon, Mr. Bernath, or others became employed at DOD, or Mr. Bacon's employment relationship with Monica Lewinsky or the hiring of Ms. Lewinsky. Nor will DOD authorize Mr. Bacon to testify on any other matters that may be raised for the first time at the deposition if those matters bear no reasonable connection to your lawsuit. DOD personnel may only testify concerning "those matters that were specified in writing and properly approved by the appropriate DOD official." 32 C.F.R. 97.6(c)(2).

*Id.*

On May 14, 1998, plaintiffs filed what they have titled as an emergency motion for clari-

including Bacon's communications with or concerning Anthony Marceca and Craig Livingstone, given that Bacon has been in the DOD press office since 1994 and that Marceca was detailed from DOD to the White

fication regarding the deposition of Bacon which was scheduled to proceed the following day. Plaintiffs contend that DOD's letter represents "a transparent, last-minute attempt to prevent Plaintiffs from obtaining key evidence about the release of confidential information in Ms. Linda Tripp's Department of Defense personnel file" and that "the Clinton Administration is seeking to limit Bacon's testimony by unilaterally declaring that several likely areas of questioning are irrelevant." Pls.' Emergency Mot. for Clarification at 1.

Plaintiffs assert that the information that DOD seeks to withhold is highly relevant and probative of the reasons behind the release of Tripp's file. *Id.* at 2. Plaintiffs' theory of the relevance of this information is as follows:

Tripp, Lewinsky, and Bernath all worked for Bacon at DOD. If, as Plaintiffs have alleged, information contained in Tripp's file was released because Tripp had made accusations about a relation between . . . the President and Lewinsky, then questions about Lewinsky are of obvious relevance. Bacon's "employment relationship" with Lewinsky and the hiring of Lewinsky are thus also relevant, because, if Lewinsky obtained her position at DOD through her contacts at the Clinton White House, or if she received special treatment because of her contacts at the Clinton White House, then such information would likely demonstrate a political motive for attempting to discredit Tripp. Likewise, if Bacon and/or Bernath, obtained their positions at DOD through contacts at the Clinton White House, then such information would likely demonstrate that Bacon and/or Bernath were indebted to and/or being controlled by the Clinton White House. Any such connection between Bacon, Bernath, Tripp, Lewinsky and the Clinton White House [is] necessary to "close the loop" in establishing that Bernath and Bacon did not act alone in releasing information in

House and remained a DOD employee when the matter became public.
Response of Bacon to Pls.' Mot. for Clarification Ex. 2 at 1–2.

Tripp's confidential DOD personnel file, but were acting in conjunction with the Clinton White House.

*Id.* at 3–4.

Based on this theory of relevance, plaintiffs request that this court issue an order declaring that inquiry into these subjects is relevant and proper. Because Bacon was deposed on May 15, 1998 by plaintiffs, plaintiffs additionally request that this court order Bacon to provide the testimony and documents plaintiffs seek.

## II. *Analysis*

DOD's opposition to plaintiffs' motion is based primarily on the argument that Bacon cannot be compelled to testify contrary to DOD's instructions. It is well settled, as DOD states, that a federal agency may prescribe regulations governing the disclosure of information, testimony, or materials by agency personnel. Indeed, the federal "Housekeeping Statute," 5 U.S.C. § 301, provides:

> The head of an Executive department . . . may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public.

Pursuant to section 301, DOD enacted certain regulations governing the disclosure of official information in litigation and testimony by DOD personnel as witnesses. These regulations are contained, in part, in 32 C.F.R. § 97.6(c). This regulation provides:

> (c)(1) . . . DOD personnel shall not, in response to a litigation request or demand, produce, disclose, release, comment upon, or testify concerning any official DOD information without the prior written approval of the appropriate DOD official designated in § 97.6(a). (2) If official DOD information is sought, through testimony or otherwise, by a litigation request or demand, the individual seeking such release or testimony must set forth, in writing and with as much specificity as possible, the nature and relevance of the official information sought. Subject to paragraph (c)(5), DOD personnel may only produce, disclose, release, comment upon, or testify concerning those matters that were specified in writing and properly approved by the appropriate DOD official designated in paragraph 9(a) of this section. *See United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).

*Id.* § 97.6(c)(1–2).

"The Supreme Court has specifically recognized the authority of agency heads to restrict testimony of their subordinates by this type of regulation." *Boron Oil Co. v. Downie,* 873 F.2d 67, 69 (4th Cir.1989) (citing *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951)). In *Touhy,* the Supreme Court held that a Department of Justice employee could not be held in contempt for refusing to comply with a subpoena duces tecum when his compliance had been prohibited by an order of a superior acting pursuant to valid federal regulations governing the release of official documents. The regulations in *Touhy* were promulgated under the statutory predecessor of 5 U.S.C. § 301.

In the instant case, DOD placed limitations on the extent of testimony that Bacon was permitted to provide to plaintiffs during his deposition pursuant to the applicable DOD regulations. Despite having styled their motion as one for clarification, plaintiffs essentially seek to contest the decision by DOD restricting Bacon's testimony to certain areas. Bacon contends that plaintiffs must proceed under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* and states that "[t]he only avenue for challenging an agency's decision to disallow employee testimony is an APA action against the agency itself." Bacon's Response to Pls.' Emergency Mot. for Clarification at 8.

■ In *Touhy,* the Supreme Court reached no conclusion on whether an agency head is free to withhold evidence from a federal court. The language in 5 U.S.C. § 301 and subsequent case law clearly provide that federal agencies are not authorized to withhold documents or testimony from a federal court. *See Houston Business Jour-*

*nal v. Office of the Comptroller of Currency, U.S. Dept. of Treasury,* 86 F.3d 1208, 1212 (D.C.Cir.1996) ("In federal court, the federal government has waived its sovereign immunity, *see* 5 U.S.C. § 702, and neither the Federal Housekeeping Statute nor the *Touhy* decision authorizes a federal agency to withhold documents from a federal court."); *Exxon Shipping Co. v. United States Dept. of Interior,* 34 F.3d 774, 778 (9th Cir.1994) ("[N]either the statute's text, its legislative history, nor Supreme Court case law supports the government's argument that § 301 authorizes agency heads to withhold documents or testimony from federal courts.").

■ Furthermore, Bacon's reliance on the *Touhy* line of cases is misplaced.[2] The Supreme Court's holding in *Touhy* is applicable only in cases where the United States is not a party to the original legal proceeding. *See, e.g., State of Louisiana v. Sparks,* 978 F.2d 226, 234 (5th Cir.1992) ("As the Supreme Court has long held, [*Touhy*] regulations unquestionably give Justice Department employees the authority, when so ordered by superiors, to refuse to comply with a subpoena ordering disclosure of a confidential file when the United States is not a party to a legal action.") (citing *Touhy,* 340 U.S. at 470, 71 S.Ct. 416); *Boron Oil Co.,* 873 F.2d at 70 (considering *Touhy* and stating that "[t]he policy behind such prohibitions on the testimony of agency employees is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business."). *Touhy* simply holds that a subordinate government official will not be compelled to testify or to produce documents in private litiga-

tion, in which the federal government or any of its agencies is not a party in cases where a departmental regulation prohibits disclosure in the absence of consent by the head of the department. In cases originating in federal court in which the federal government is a party to the underlying litigation, the *Touhy* problem simply does not arise. In such cases, there is no requirement that the litigant proceed under the APA and file a separate lawsuit in order to obtain testimony from a witness.[3] *Compare Houston Business Journal,* 86 F.3d at 1212 n. 4 ("Under *Touhy,* neither state-court nor federal-court litigants may obtain a subpoena ad testificandum against an employee of a federal agency that has enacted a *Touhy* regulation ... In that situation, the litigant must proceed under the APA.").

When the United States is a party to litigation, "judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." *United States v. Reynolds,* 345 U.S. 1, 9–10, 73 S.Ct. 528, 97 L.Ed. 727 (1953). This would create a significant separation of powers problem. *See Committee for Nuclear Responsibility, Inc. v. Seaborg,* 463 F.2d 788, 793–94 (D.C.Cir. 1971) ("[N]o executive official or agency can be given absolute authority to determine what documents in his possession may be considered by the court in its task."). Similarly, as the court stated in *EEOC v. Los Alamos Constructors, Inc.,* 382 F.Supp. 1373, 1375 (D.N.M.1974), "[w]hen the government or one of its agencies comes into court ... it is to be treated in exactly the same way as any other litigant. Appointment to office does not confer upon a bureaucrat the right

---

**2.** The court recognizes that during the April 30, 1998 status conference, the court noted that the *Touhy* process should be followed by the parties in this case with respect to discovery sought from DOD. Upon further consideration, it is clear that because the United States is a party to this litigation, plaintiffs are not required to rely on the applicable *Touhy* regulations in their efforts to elicit testimony or other discovery materials from DOD employees.

**3.** The comparable *Touhy* regulations for the Department of Justice make a specific distinction between cases in which the United States is a

party and cases in which the United States is not a party in the litigation. This approach is consistent with the analysis and rationale set forth by the court in this case. In cases in which the United States is not party, the regulations contemplate a "General prohibition of production or disclosure in Federal and State court proceedings." 28 C.F.R. § 16.22. In contrast, when the United States is a party to the litigation, the regulations provide for "General disclosure authority in Federal and State court proceedings." 28 C.F.R. § 16.24. The DOD regulations make no such distinction.

to decide the rules of the game applicable to his crusades or his lawsuits."

The case presently before this court is not one in which private litigants seek to drag a witness employed by the federal government or one of its agencies into court to offer some testimony on a particular party's behalf. When this occurs, the rationale employed by the Supreme Court in *Touhy* is evident. However, in the instant case, the litigation originated in federal court and the United States voluntarily substituted itself for defendants Nussbaum, Livingstone, and Marceca. In such an instance, neither the federal Housekeeping Statute nor the *Touhy* decision authorizes a federal agency to withhold documents or testimony from a federal court. *See Houston Business Journal,* 86 F.3d at 1212; *Exxon Shipping Co.,* 34 F.3d at 777–78.

■ Notwithstanding Bacon's misplaced reliance on *Touhy,* plaintiffs' motion for clarification is simply not the proper method for challenging DOD's decision to limit Bacon's testimony. Furthermore, plaintiffs' motion is moot at this time as Bacon has already been deposed by plaintiffs. If plaintiffs believe that Bacon failed to answer certain questions during the deposition that were relevant to the issues in this litigation, then plaintiffs may bring a motion to compel. Alternatively and additionally, if plaintiffs believe that DOD improperly restricted the scope of Bacon's testimony, then plaintiffs may specifically challenge this restriction. These matters will be considered according to the applicable rules of pretrial discovery. *See United States v. Procter & Gamble,* 356 U.S. 677, 681, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) ("The Government as a litigant is, of course, subject to the rules of discovery."). *See also Exxon Shipping Co.,* 34 F.3d at 779 (stating that district courts should apply the federal rules of discovery when considering discovery requests made against government agencies).

III. *Conclusion*

For the reasons stated herein, plaintiffs' Emergency Motion for Clarification Regard-

ing May 15, 1998 Deposition of Kenneth H. Bacon is DENIED without prejudice.

SO ORDERED.